UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ernest L. Higgins,

           Petitioner,

    vs.                         REPORT AND RECOMMENDATION

Warden R. L. Morrison,

           Respondent.      Civ. No. 06-1124 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus.  See, Title 28 U.S.C. §2241.  The Petitioner appears pro se, and the Respondents appear by Richard A. Newberry, Assistant United States Attorney.  For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be denied as moot.

## II.  Factual Background

The Petitioner was convicted, by the United States District Court for the Northern District of Iowa, of making a False Statement to a Credit Union, in violation

of Title 18 U.S.C. §1014.  See, <u>Petition</u>, <u>Docket No. 1</u>, at p. 2.  In November of 2005, he was sentenced to a term of one (1) year and one (1) day of incarceration.  The Bureau of Prisons ("BOP") placed the Petitioner at the  Federal Prison Camp, in Duluth, Minnesota ("FPC-Duluth").

On March 22, 2006, the Petitioner filed his pending Petition and requested immediate consideration placement in a community corrections center ("CCC.").[1]  The Petition does not challenge the propriety of his conviction, or the sentence imposed by the District Court.  Instead, he challenges the BOP's policies as an unreasonable application of Title 18 U.S.C. §§3621(b), and 3624(c), and their consequent effect on his placement in an CCC.

Under the previous regulations, the Petitioner was initially projected for a CCC placement date of November 8, 2006.  See, <u>Government Supplemental Response and Motion to Dismiss</u>, <u>Docket No. 8</u>, at p. 1.  While this action was pending, the BOP reevaluated the Petitioner's placement in a CCC, pursuant to the criteria set forth in Title 18 U.S.C. §3621(b), and without regard to the policies which the Petitioner

---

[1]The BOP has reclassified the entities formerly known as CCCs as Residential Re-Entry Centers ("RRCs").  For purposes of this Report and Recommendation, we will continue to use the former designation, as that is the terminology employed by the Petitioner.

challenged, and he received a new CCC placement date of October 31, 2006.  See, Government Supplemental Response and Motion to Dismiss, at p. 1.  According to the BOP's Internet Website, the Petitioner was released from custody on December 29, 2006.  As a result, the Petitioner is no longer under the Respondent's custody or supervision at FPC-Duluth, and he has been granted the relief that he originally sought in his Petition.

Since the Petitioner is no longer held in custody by the Respondents at FPC-Duluth, we must first consider whether there still is any "live" case or controversy, which can properly be redressed by a Writ of Habeas Corpus.  We conclude that there is no longer any genuine case or controversy presented, and that no meaningful relief can be provided to the Petitioner by a Writ of Habeas Corpus.

### III.  Discussion

A.     Standard of Review.  Article III of the Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies.  Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate" and, "[w]hen an action no longer satisfies the case or controversy

requirement, the action is moot and a federal court must dismiss the action." Id. [citations and internal quotations omitted].

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the Court from granting any meaningful relief to the party who initiated the action. See, In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996), cert. denied, 519 U.S. 980 (1996). If it becomes impossible for the Court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. See, Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). In addition, as a general rule, when a Petitioner for Habeas relief protests the conditions of his confinement, his claim becomes mooted when those conditions no longer exist. See, Hernandez v. Garrison, 916 F.2d 291, 293 (5th Cir. 1990); Thompson v. Smith, 719 F.2d 938, 940-41 (8th Cir. 1983)(Habeas claims mooted due to the Petitioner's transfer to another institution); Corgain v. Miller, 708 F.2d 1241, 1246 (7th Cir. 1983); Willis v. Ciccone, 506 F.2d 1011, 1019 (8th Cir. 1974).

The claims of a Habeas Corpus petitioner cannot be moot as long as that petitioner remains incarcerated because, in such cases, a Writ of Habeas Corpus can always provide meaningful relief -- namely, release from prison. See, Spencer v.

Kemna, 523 U.S. 1, 7 (1998)("Spencer III").  Once a Habeas petitioner is released

from custody, however, his case becomes moot, unless he can show that a Writ of

Habeas Corpus would still provide him some genuine benefit.  Id.

    If a Habeas petitioner is challenging a criminal conviction, then a Writ of

Habeas Corpus can still benefit him, even after he has been released from custody, by

eliminating some of the "collateral consequences that attached to the conviction as a

matter of law."  Id. at 9, citing Carafas v. LaVallee, 391 U.S. 234, 237 (1968).  Such

"collateral consequences" might include restrictions on the right to vote, the right to

own a gun, the right to serve on a Jury, or the right to engage in certain types of

businesses or professions.  However, a Habeas petitioner cannot rely on the collateral

consequences of a wrongful criminal conviction to save his case from mootness, if he

is not actually challenging the validity of his conviction.

    In Spencer III, the Supreme Court considered whether a Writ of Habeas Corpus

could still provide any meaningful post-release benefit to a prisoner who was not

challenging his criminal conviction.  There, the petitioner was not attacking his

original criminal conviction, but rather, he claimed only that he had been wrongfully

returned to prison pursuant to an erroneous revocation of his parole.  By the time the

matter came before the Federal District Court, however, the petitioner had already

been released from prison.  The District Court concluded that the Petition would have to be summarily dismissed, without reaching the merits of the petitioner's challenge to his Parole Revocation proceedings, because the petitioner was no longer "in custody."  Our Court of Appeals affirmed the dismissal order, see, Spencer v. Kemna, 91 F.3d 1114 (8th Cir. 1996)("Spencer II"), and the case proceeded to the United States Supreme Court.

The Supreme Court initially observed that the District Court had erred by dismissing the case pursuant to the "in custody" requirement which is prescribed by the Federal Habeas Statutes.  The Court noted that the petitioner "was incarcerated by reason of the parole revocation at the time the Petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires."  Spencer III, supra at 7.  The Court then addressed "[t]he more substantial question" of "whether [the] petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, §2, of the Constitution."  Id.[2]

---

[2]It is true, of course, that a Habeas Corpus petitioner must be "in custody" to be eligible for relief under Section 2241(c), and it is also true that a Habeas petitioner must satisfy the "in custody" requirement only as of the date on which his Petition was filed.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  However, the constitutionally-based case-or-controversy requirement is different from the statutory "in custody" requirement and, unlike the "in custody" requirement, the case-or-controversy (continued...)

To resolve the case-or-controversy issue, the Supreme Court considered whether the petitioner's Parole Revocation Order would continue to have any type of collateral consequences following his release from prison. The Court concluded that there were no collateral consequences, which resulted from the petitioner's Parole Revocation Order. Once the petitioner reached the end of his Parole Revocation confinement, and was wholly released from State custody, he could no longer gain any meaningful benefit from a Writ of Habeas Corpus. Thus, the Habeas action had become moot.

B. <u>Legal Analysis</u>. The Supreme Court's decision, in <u>Spencer III</u>, compels us to conclude that it is not now possible to provide any beneficial redress to the Petitioner by a Writ of Habeas Corpus. Since the Petitioner is no longer serving his term of incarceration, and he has been fully released from his Federal confinement at FPC-Duluth, it would be meaningless to grant him the Writ of Habeas Corpus that he has requested even if we concluded that his request for Habeas relief was meritorious.

---

[2](...continued)
requirement must be satisfied "throughout the litigation." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)("<u>Spencer III</u>"). Therefore, as the Supreme Court recognized in <u>Spencer III</u>, a Habeas Petition can become moot while it is pending, even though the petitioner has satisfied the "in custody" requirement by being incarcerated at the time that he filed the Petition. <u>Id.</u>

See, <u>Sobie v. Morrison</u>, 2006 WL 2439099 at *1 (D. Minn., August 22, 2006)(finding Habeas Petition seeking early placement in RRC moot after petitioner transferred to halfway house, where he would remain until projected release date), citing <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982), and <u>Copley v. Keohane</u>, 150 F.3d 827, 829-30 (8th Cir. 1998)(finding Habeas Petition moot after conditional release of petitioner).

Furthermore, because the Petitioner is not now challenging his original criminal conviction, he cannot rely on any collateral consequences of that conviction in satisfying the Constitution's case-or-controversy requirement. See, <u>Lane v. Williams</u>, 455 U.S. 624, 631 (1982)("Since respondents only elected to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.").

For purposes of determining whether there still is a "live" case or controversy presented by this case, it does not matter that the Petitioner may still be subject to conditions of probation, and that he may still be returned to prison if he violates those conditions. The Petitioner's future probation status is governed by the terms of his original sentence, which is not at issue here. The decision to defer the Petitioner's placement in an CCC will no longer affect the Petitioner, now that he has been transferred to an CCC, and released from that placement. In short, the Petitioner's

- 8 -

future probation status will be determined by his future conduct -- not by the date of his placement in an CCC.

Even if the Petitioner's delayed placement in an CCC could somehow be used against him in a future Supervised Release Revocation proceeding, or in a future criminal case, that would not be a sufficient collateral consequence to create a "live" case or controversy.  The Supreme Court considered, and rejected that theory, with respect to Parole Revocations, ruling that the case or controversy requirement could not be satisfied by the mere "possibility" that a Parole Revocation might have some future adverse consequences.  See, <u>Spencer III</u>, supra at 14.  The Petitioner's deferred placement in an CCC will not cause him any adverse consequences in the future, as long as he abides by the law, and the conditions of his placement, as he obviously is expected, and required, to do.  See, <u>Spencer III</u>, supra at 15 (rejecting a suggested collateral consequence that "was contingent upon * * * violating the law, getting caught, and being convicted").

In sum, we conclude that, as was the case in <u>Spencer III</u>, there is no longer any "live" case or controversy to be decided, and therefore, we recommend that the Petition be dismissed as moot.

NOW, THEREFORE, It is –

RECOMMENDED:

1.      That the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed as moot.

2.      That the Respondents' Motion to Dismiss Petitioner's Habeas Petition Pursuant to Title 28 U.S.C. §2241 as Moot  [Docket No. 8] be granted.

Dated: January 4, 2007                    *s/Raymond L. Erickson*
                                           Raymond L. Erickson
                                           CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Federal Rule of Civil Procedure  6[a], D. Minn. LR1.1[f], and D. Minn. LR72.1[c][2], any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 22, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.   Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of the Hearing by no later than **January 22, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.